### BAILEY v. J. L. ROEBUCK CO.

No. 18979. Opinion Filed March 5, 1929.

Saunders & Emerick, for plaintiff in error.

F. H. Reily and J. H. Reily, for defendant in error.

JEFFREY, C. This action was begun by the J. L. Roebuck Company, a corporation, as plaintiff, against W. E. Bailey, as defendant, in the superior court of Pottawatomie county to recover on two promissory notes in the amount of $120 each, and to foreclose a chattel mortgage on a McCormick corn binder, given to secure the payment of the

notes. Defendant, by way of answer, admitted the execution of the notes and mortgage. By way of cross-petition, filed with said answer, defendant alleged that the notes sued upon were given for the purchase price of a new McCormick corn binder, which was sold by plaintiff to defendant at an agreed price of $240. Defendant then alleged that said implement was warranted by plaintiff against material defects and to do the work for which it was manufactured and sold; that the sprocket wheel on the main shaft was out of line, and that the drive chain did not stay on so as to operate the binder part of the machine; that by reason of said defect said machine did not perform the work for which it was intended and purchased by defendant; and that by reason of the defective condition in the machine, defendant was unable to harvest about 39 acres of sorghum cane, which was entirely lost, to his damage in the sum of $900, and prayed for judgment against plaintiff in said sum.

The cause was tried to the court without a jury, and at the conclusion of all the evidence the court rendered judgment for plaintiff for the full amount of the notes, foreclosed its mortgage, and denied defendant's cross-petition in whole. From this judgment and order overruling motion for new trial, defendant has appealed. The only objection presented against the judgment, and worthy of consideration, is that the trial court erred in rendering judgment against defendant on his cross-petition, since the uncontradicted evidence shows that defendant sustained damages by reason of the defective condition of the machine. It is accepted as a settled rule of law that machinery, manufactured and sold for a particular purpose, carries with it an implied warranty that it will perform the work for which it is made and sold. The machine in question was manufactured and sold for the purpose of harvesting feed crops such as Kafir-corn and sorghum. In support of his cross-petition, defendant's evidence shows that he purchased the machine in question from plaintiff at Shawnee about August 22, 1925; that he took it to his farm a few miles from Shawnee, and harvested several acres of kafir-corn and broom corn for himself and about 19 acres of kafir-corn for his neighbor in the month of September; that the machine never worked properly; that the drive chain would jump off of the sprocket wheel at frequent intervals, which prevented the binder from working. Defendant's evidence further showed that, by reason of the defective condition of the machine, it would run over some of the cane and corn and fail to cut it clean. Defendant testified that his cane or sorghum crop, planted for feed purposes, was not ready to cut until in November, 1925; that he had about 40 acres of such crop; that he tried to harvest it with the machine, but, after considerable effort, was only able to cut about three-fourths of an acre, and was compelled to let the remainder stay in the field. Defendant testified that he pastured this crop by letting stock run in the field and feed upon it, and that the value of the cane left in the field, by reason of his being unable to harvest it, was $400 to $500. Defendant also testified that he did not know how to repair the defect; that he made frequent visits to plaintiff's place of business and reported to different ones connected with the business the defective condition of the machine; that they gave him new drive chains to try on it, wrote a letter to the manufacturer of the machine requesting that it be fixed, and sometime in the latter part of 1926, plaintiff succeeded in repairing the machine by properly lining up one of the sprocket wheels. Plaintiff admitted that certain complaints had been made about the defective condition of the machine, but its evidence was to the effect that it did everything requested of it to remedy the defects; that plaintiff's agents and representatives went to plaintiff's home on two or three occasions to repair the machine, but each time the machine was at some other place; and that defendant did not bring it home and give them an opportunity to repair it. However, it appears that plaintiff did nothing toward repairing the machine, except to give defendant a new chain prior to November 28, 1925.

Where a seller breaches an implied warranty in the contract of sale, the buyer must make reasonable exertions to mitigate his injury or damage; and he will not be permitted to recover from the seller damages which could and would have been avoided, had the buyer performed such duty. Washington County Abstract Company v. Harris, 48 Okla. 577, 149 Pac. 1076; Uhlig v. Barnum, 43 Nebr. 584, 61 N. W. 749. This duty is required of persons claiming damages generally. However, where one has sustained an injury, or suffered damages on account of the negligent act of another, or the breach by another of a contractual right, the failure, on the part of the injured party, to make reasonable effort to reduce or minimize his damage will not entirely defeat a recovery. The duty imposed upon one to reduce or minimize his damage goes only to

the amount of recovery, and cannot be an absolute defense to an injury already sustained. As to whether defendant performed such duty, and, if not, how much his damage was enhanced by his failure to do so, are questions of fact to be determined by a jury, or by the court in a trial without a jury.

The record discloses that the machine was defective, and did not comply in certain particulars with the seller's warranty implied by law. The defect was slight, but, under the uncontradicted evidence, defendant sustained some damages by reason thereof which could not have been avoided by the exercise of reasonable care by defendant.

It appears that the trial court was laboring under a mistaken idea of the law applicable to such cases. At the conclusion of the evidence, he stated that the gist of the case was whether or not the defendant could have mitigated the damages, if any, he received. The court in part stated:

"The law imposes on a person who undertakes to maintain an action of this kind as a defense that he must show that he used every reasonable effort to mitigate the damages and to save what crop he had. He cannot sit around and see his crop go to waste and come in on a technical defense and recover the value of that crop. The law will presume that while he was cutting kafir-corn in 1925 for other people, if he had occupied that time in trying to save his own crop, he could perhaps have saved the greater part of it. Judgment rendered in favor of the plaintiff against the defendant for the amount sued for in the petition."

The fact that defendant might have saved the greater part of his crop, as found by the court, would not have justified the judgment rendered. A judgment in favor of plaintiff for the entire amount of the debt, and against defendant on his cross-petition, had the effect of determining that there was no breach of warranty. People's Ice & Fuel Co. v. Serat, 46 Okla. 762, 149 Pac. 870.

The evidence is uncontradicted that defendant sustained some damage on account of the defective condition of the machine, and, if the evidence is believable, he would be entitled to recover at least nominal damages. His failure to use reasonable efforts to mitigate his damages could not defeat a recovery for that part of his damages resulting from a breach of warranty before the duty devolved upon him to reduce the damages, even though such damage be merely nominal.

The judgment of the trial court is reversed. and the cause remanded for a new trial not inconsistent with this opinion.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

Note.—See anno. 52 L. R. A. 259; 2 L. R. A. (N. S.) 1087; 22 L. R. A. (N. S.) 684; 8 R. C. L. p. 446; 2 R. C.L. Supp. p. 610; 4 R. C. L. Supp. p. 553; 5 R. C. L. Supp. 469; 6 R. C. L. Supp. p. 507; 7 R C. L. Supp. p. 270. See "Damages," 17 C. J. §96, p. 770, n. 34,