The **CLASSIFIED DIRECTORY SUBSCRIBERS ASSOCIATION et al.,**
Plaintiffs,

v.

**PUBLIC SERVICE COMMISSION OF the DISTRICT OF COLUMBIA,**
Defendant.

**Civ. A. No. 1506-66.**

United States District Court
District of Columbia.

Nov. 29, 1966.

Fisher, Sharlitt & Gelband, Washington, D. C., for plaintiffs.

Office of the Corporation Counsel, Washington, D. C., for defendant.

Robert A. Levetown, Washington, D. C., for defendant-intervenor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEONARD P. WALSH, District Judge.

This cause came before the Court on cross-motions for summary judgment in order to determine whether, as a matter of law, the Public Service Commission has jurisdiction to regulate the classified advertising rates in the "Yellow Pages". The issue here involved is whether or not classified advertising comes within the statutory definition of "service" of a public utility. At the outset it must be noted that the Classified Telephone Directory contains listings of business firms and professional persons separated into categories generally descriptive of their business or profession. There are four basic listings which constitute the "Yellow Pages": (1) Alphabetical light-faced type listings for which there is no additional charge; (2) Alphabetical bold-faced type listings; (3) Alphabetical in-column business card listings; and (4) Display advertising. Regulation of rates for categories (2) through (4) are the subject matter of this suit.

The plaintiffs herein filed this action pursuant to Title 43, Section 705, of the District of Columbia Code, seeking to vacate and set aside orders of the Public Service Commission of the District of Columbia.[1] In those orders the Commission held as a matter of law, and from long standing administrative practice, that the Commission had no jurisdiction to regulate the advertising rates as established by the Chesapeake and Potomac Telephone Company regarding the "Yellow Pages." It is agreed by all parties and the Public Service Commission, that the Commission does have statutory jurisdiction to regulate the rates charged by the Telephone Company for alphabetical light-faced type listings.

This Court takes cognizance of the fact that the Reuben H. Donnelley Co. is retained by the Telephone Company to solicit advertising for the "Yellow Pages". There is no allegation that the rates, as established by the Telephone Company and solicited by the Donnelley Company, are discriminatory in any manner, and in fact all parties agree that the Public Service Commission has statutory jurisdiction where discrimination is in issue. Furthermore, the receipts obtained from present advertising sales are included for the purpose of determination of the fair return due the Telephone Company for its property investment. Theoretically then, reduced advertising rates via Public Service Commission regulation would spread the resulting economic void to the average telephone user and the light-faced listing subscribers, presumably causing an increase in the base telephone rate to in-

---

1. Public Service Commission Order No. 5038 and Order No. 5053.

sure the Telephone Company the same fair return. In effect, the general public would pay a portion of the advertisers' present cost.

Plaintiffs contend that jurisdiction is placed in the Commission by Title 43 of the District of Columbia Code, and the sections contained therein. Specifically, they argue that classified advertising should be regulated by the Commission because of a statutory interpretation given to Sections 43–104 and 43–1003. These Sections of the Code state that the term "service" is to be "used * * * in its broadest and most inclusive sense" and that all provisions of this law "shall be interpreted and construed liberally in order to accomplish the purposes thereof."

In support of their argument that classified advertising is a "service" within the meaning of the regulatory statute, plaintiffs allude to District of Columbia v. Chesapeake and Potomac Telephone Co., 86 U.S.App.D.C. 124, 179 F.2d 814 (1950). In that case the Board of Tax Appeals found that classified advertising was not essential to the use of the telephone system. On appeal, the Court of Appeals reversed the Board because essentiality of service was not the proper standard for the determination of taxability under the statute there involved. The finding by the Court of Appeals that classified advertising was within the mean of "service" for the purposes of taxation does not mean that classified advertising comes within the meaning of "service" for the purposes of the Public Service Commission regulations. Prerequisites for tax jurisdiction evoke substantially different considerations.

Pursuant to Title 43, Section 414, of the District of Columbia Code, an independent investigation was made of the Chesapeake and Potomac Telephone Com-

pany. This Task Force Report considered specifically whether or not the Public Service Commission had statutory authority to regulate the "Yellow Pages" advertising rates.[2] The conclusion of this investigation was that the Commission did have the necessary statutory authority for regulation and moreover had "a clear legal duty" to do so.[3]

This conclusion of the Task Force was in direct conflict with the advisory opinions of the Corporation Counsel.[4] The Corporation Counsel has held consistently from 1940 to 1965, its latest opinion, that the Public Service Commission has no statutory jurisdiction to regulate advertising rates in the "Yellow Pages" since advertising was not and is not a "service" within the meaning of the statute.[5]

A detailed perusal of these advisors' opinions, the Task Force Report, the briefs and points and authorities filed, and the applicable legal principles involved, leads this Court to make the following findings of facts and conclusions of law:

### Findings of Fact

1. The Chesapeake and Potomac Telephone Company is a public utility monopoly sanctioned by the Public Service Commission of the District of Columbia to furnish telephone and related services within the District of Columbia.

2. The Telephone Company from time to time compiles, publishes, and distributes to all telephone subscribers in the Washington Metropolitan Area the Washington Yellow Pages Classified Telephone Directory, which is the subject of these proceedings.

3. The Classified Telephone Directory is published by the Telephone Company to assist users of telephone service.

4. The Classified Telephone Directory contains listings of business firms and

2. Task Force Report on Its Investigation of The Classified Directory or "Yellow Pages," of the Chesapeake and Potomac Telephone Co. for the Public Service Commission, pages 73 to 103.

3. Ibid, p. 74.

4. Pursuant to Title 43–204 of the District of Columbia Code.

5. See pages 76 and 84 of the Task Force Report for these advisory opinions.

professional persons separated into categories or subject headings generally descriptive of their business or profession. There are four basic types of listings in the single, bound volume which constitutes the Directory: (1) Alphabetical light-faced type listings; (2) Alphabetical bold-faced type listings; (3) Alphabetical in-column business card listings; and (4) Display advertisements.

5. Although the revenues and expenses of the Telephone Company are taken into account by the Commission in determining the overall rates permitted for telephone service, the Commission has not in the past regulated the rates charged voluntary advertisement subscribers.

6. The Public Service Commission ruled in Order No. 5038, and reaffirmed in Order No. 5053, that it had no statutory jurisdiction to regulate advertising rates charged by the Chesapeake and Potomac Telephone Company for the "Yellow Pages."

7. This appeal pursuant to Section 43–705 of the D.C.Code was duly filed June 9, 1966.

8. Motion for summary judgment was duly filed by plaintiffs on July 29, 1966. Cross-motion for summary judgment was duly filed by defendant-intervenor, Telephone Company, on August 31, 1966.

### Conclusions of Law

1. This Court has jurisdiction to review the orders of the Public Service Utilities Commission appealed from under Section 43–705 of the District of Columbia Code.

2. The motions for summary judgment of plaintiffs and defendant-intervenor Telephone Company present solely a question of law for review by the Court. No genuine issue as to any material fact appears to exist between the parties. Section 43–706 of the D.C.Code authorizes the Court, without restriction, to determine all "questions of law" on appeals from orders and decisions of the Commission. This Court has jurisdiction to make an independent judgment on the pure question of law now before it.

3. The Commission's decision that the advertising published in the Classified Telephone Directory does not constitute such a "service" is a reasonable decision supported by rational distinctions between advertising and the basic classified listings.

4. The Commission's decision is consistent with over fifty years of administrative practice, four formal legal opinions rendered by the Corporation Counsel, and the weight of regulatory decision and practice.

5. Order No. 5038 and Order No. 5053 of the Commission are not erroneous as a matter of law.

6. The Public Utilities Commission does not have statutory jurisdiction, as a matter of law, to regulate the advertising rates charged for advertising in the "Yellow Pages."

Accordingly, plaintiffs' motion for summary judgment will be denied; the cross-motion for summary judgment of defendant-intervenor, the Telephone Company, will be granted; and plaintiffs' "Petition of Appeal" will be dismissed.

The further question presented by the cross-motion as to whether or not Ace Van & Storage Co., Inc., and Smith's Transfer & Storage Co., Inc., have standing to appeal from the order of the Commission is declared moot because of the above ruling of this Court.

Appropriate order to be submitted by counsel for defendant-intervenor, the Telephone Company.