**CATLIN AVIATION COMPANY, an Oklahoma Corporation, Appellee,**

v.

**EQUILEASE CORPORATION, a Corporation, Appellant.**

No. 52417.

Supreme Court of Oklahoma.

Feb. 10, 1981.

Rehearing Denied April 20, 1981.

As Amended April 20, 1981.

Billy Jack Hendrix, Oklahoma City, for appellee.

William J. Robinson and Richard B. Bates, of Shirk, Work, Robinson & Williams, Oklahoma City, for appellant.

DOOLIN, Justice:

Equilease (seller) sold to Catlin (buyer) an aircraft for $130,000.00. The bill of sale, dated June 19, 1974 contained a warranty of title. Seller also gave buyer a "hold harmless" letter which stated, "we will agree to hold you harmless to any claim in the event any suit is instituted with respect to any claim which may challenge the legality of our title and which is based on any occurance prior to your taking possession of the aircraft." This appeal challenges the depth of meaning of that letter and warranty of title.

On October 7, 1974, Stewart Aviation Services of Arkansas (Stewart) filed an airplane repairman's lien against the aircraft with the Federal Aeronautics Administration registry in Oklahoma City, alleging work done, and unpaid, in the amount of $1,167.00. The work was completed on February 22, 1974.

Buyer immediately notified seller of the lien, asking it to clear title under its "hold harmless" letter, and contends it lost a sale of the aircraft within the next few days because seller did nothing to remove the lien. Buyer paid the lien on April 23, 1975 and sold the plane shortly thereafter. Seller notified the FAA that the lien was invalid, and at no time was action brought by Stewart to foreclose the lien.

Buyer sued for the amount of the lien, plus "incidential and consequential damages" amounting to nearly $17,000.00 (interest, insurance, hangar rental, lost profits) and attorney fees. The trial court found for buyer in the amount of $1,167.00 but disallowed the other damages ruling buyer had not sought to mitigate damages by paying off the lien immediately. The trial court allowed attorney fees of $600.00 which buyer also appeals, alleging 106 hours of attorneys' time.

Both parties appeal.

## I

Was the trial court correct in ruling seller breached its warranty of title by failing to remove the cloud (lien) on buyer's title? We answer in the affirmative.

The argument reduces to two questions. Which party had the duty to initiate steps to clear title, (a) by paying off the lien immediately and litigating its validity later, (b) by litigating immediately (c) or posting bond (42 O.S.Supp.1978 § 147)? Is a lien of questionable validity a cloud on title?

Buyer informed seller of the lien, but made no effort to pay off the lien for six months. Seller maintained the lien was invalid and therefore not a cloud on title, and thus did not attempt to pay it off. It also urges no suit was brought to challenge title, and thus it had no obligation to clear the cloud arguing its "hold harmless" letter specified a "suit" must be filed with respect to any claim. Buyer counters that validity of the lien is inconsequential to the issue, that simply the filing of the lien with the FAA represented a cloud on title which seller was obligated to clear.

■■■ The issue of validity of the lien stems from filing requirements. Arkansas statute grants an airplane repairman a lien, apparently as long as he has possession of the property.[1] If he voluntarily gives up possession of the property the statute allows him 120 days after completion of work to file a written statement of lien in the Arkansas County of the in-state debtor or the out-of-state county where the property is located.[2] There is no evidence either was done in this case; the only filing evidenced is with the FAA[3] in Oklahoma City, in October 1974, more than the 120 days allowed after work was completed.[4] Thus the lien may have been facially invalid.

■■■ If an instrument is void under state law, federal recordation will not save

1. Arkansas Statute: 51–404. Blacksmith's, horseshoer's, wheelwright's, automobile and airplane repairmen's liens—Storage liens—All Blacksmiths, horseshoers, wheelwrights, automobile repairmen, *airplane repairmen*, machine shops, farm implement repairmen, automotive storagemen, firms and corporations, who perform or have performed work or labor for any person, firm, or corporation, or who have furnished any materials or parts for the repair of any vehicle or farm implement, including tires and all other motor accessories and bodies for automobiles, trucks, tractors, airplanes and all other motor propelling conveyances, or who stores on his or its premises any automobile, truck, tractor, airplane, or other automotive vehicle, if unpaid for same, shall have an *absolute* lien upon the product or object of their labor, repair, or storage and upon all such wagons, carriages, *automobiles, trucks, tractors*, airplanes, farm implements, and other articles repaired or stored and all horses or other animals shod by them, for the sums of money due for such work, labor, storage, and for such materials furnished by them and used in such product, the shoeing and repairing, including the furnishing of tires and all other accessories and bodies for automobiles, trucks, tractors, airplanes and all other motor propelled vehicles. (Emphasis supplied).

2. Arkansas Statute: 51–409. Procedure when lienholder out of possession—Filing with circuit clerk—Motor vehicles.—If the lienholder has *voluntarily parted* with possession of any such property upon which he has a lien under the provisions of this act [§§ 51–404—51–412], he may still avail himself of such lien within one hundred twenty (120) days after such work or labor is done or performed, or materials furnished, by filing with the clerk of the circuit court of the county in which the debtor resides, or if such debtor be a nonresident of this State, then with the clerk of the circuit court of the county in which the property is located at the time of such filing; a just and true itemized account for the demand due after allowing all credits, and containing a description of the property to be charged with said lien verified by the affidavit of the lienholder; provided, that the time set out herein for filing liens shall apply only to motor propelled vehicles and shall not affect the time for filing such liens in other cases as now provided by law. (Emphasis supplied).

3. All that is required to perfect a lien on aircraft is filing with the FAA. *McCormack v. Air Center, Inc.*, 571 P.2d 835 (Okl.1977); *Mundy v. Casualty Claims Service, Inc.*, 527 P.2d 614 (Okl.Ct. of Appeals, 1974); Cert. denied October 15, 1974.

4. Although 49 U.S.C. § 1403 is controlling over state laws as to the manner in which recordation of conveyances and encumbrances on aircraft are to be made, state law is to be applied in determining the inherent validity of such conveyances and encumbrances. 49 U.S.C. § 1406; *Norris v. Insurance Company of North America*, 26 N.C.App. 91, 215 S.E.2d 379 (N.C. 1975).

it. See *Aircraft Investment Corporation v. Pezzani and Reid Equipment Co.*, 205 F.Supp. 80 (E.D.Mich.1962). Further, any lien affecting aircraft will not be effective against third persons without knowledge unless and until the lien is recorded with the FAA. See *Crescent City Aviation, Inc. v. Beverly Bank*, 219 N.E.2d 446 (Ind.1966); *State Securities Company v. Aviation Enterprises, Inc.*, 355 F.2d 225 (10th Cir. 1966).

The trial court anchored its decision on the New Jersey case of *American Container Corp. v. Hanley Trucking Corp.*, 111 N.J.Super. 322, 268 A.2d 313 (1970), with facts involving sale of a semi-trailer to American which used the truck for 18 months until the state police confiscated it as allegedly stolen. American informed Hanley of its wish to rescind the sales contract and sued for breach of title warranty when Hanley refused to rescind. Hanley argued the truck was improperly seized. The case turned, not on the validity of the seizure by police, but "on whom the burden of contesting the police action should have rested." The New Jersey Court said, "The purchaser of goods warranted as to title has a right to rely on the fact that he will not be required, at some later time, to enter into a contest over the validity of his ownership. The mere casting of a substantial shadow over his title, regardless of the ultimate outcome, is sufficient to violate a warranty of good title." It quoted an 1880 case which said, "The purchaser should have a title which shall enable him not only to hold his land but to hold it in peace." *Tillotson v. Gesner*, 33 N.J.Eq. 313 (E. & A. 1880). The Court ruled it was seller's duty to challenge police confiscation of the truck.

We find this logic convincing. It meshes with the Oklahoma Commercial Code, 12A O.S.1971 § 2–312 which specifies, "[T]here is in a contract for sale a warranty by the seller that the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge."

■ Clearly, a lien represents a cloud on title and it is not for a party to arbitrarily dismiss it as "invalid." Such action is a legal conclusion and should be applied only by a court after hearing proper evidence. A similar conclusion was reached in *Mundy v. Casualty Claims Service, Inc., footnote 3, supra*, wherein the Oklahoma Court of Appeals said:

"... the lien filed in compliance with 49 U.S.C. § 1403, *whether a valid lien or otherwise*, constituted an encumbrance on the airplane purchased by the plaintiff and continued as such until released as provided for in 49 U.S.C. § 1403(b)." (Our emphasis).

The facts in *Mundy* are startlingly similar to the case at bar. In 1969, plaintiff purchased an airplane from defendant, with defendant warranting it to be "free of encumbrances." Third party Catlin, in 1967, had filed a mechanics and materialmen's lien for $2,892.47 against the plane with the FAA. In 1970, plaintiff notified defendant of the lien and shortly thereafter attempted to sell the plane; however, the buyer stopped payment on his check when he discovered the lien. Catlin released the lien in 1972, when paid a negotiated $2,000.00 by plaintiff. Plaintiff subsequently brought suit to recover the $2,000.00 from defendant who argued that the lien was invalid because he did not owe the money. The court found for plaintiff holding the lien was an encumbrance because it had been filed in compliance with 49 U.S.C. § 1403, whether or not the lien was a valid lien.

Although *Mundy* is distinguishable from the case at bar because in *Mundy* the lien was filed before the sale, not after, we nonetheless believe the existence of a lien, questioned or not, is the gravamen of the action, not the date of filing.

■ Therefore we find that the lien, filed under 49 U.S.C. § 1403, was an encumbrance on the title warranted by seller regardless of its questionable validity. A mere shadow of a cloud is enough to darken title sufficiently to demand remedy by the party who warranted said title.

■ We further hold that the obligation to clear title rests with the party who warranted title to be free of encumbrances

because "the purchaser should have a title which shall enable him not only to hold his property but to hold it in peace."[5] That obligation was seller's and it breached that duty by refusing to take action to clear title upon demand.

## II

 In the related issue, the trial court refused to grant buyer incidental and consequential damages, brought upon by a reported lost sale, because it did nothing to mitigate damages until six months later.

We agree. When the resale of a $160,-000.00 airplane is involved, buyer could easily have warranted the $1,167.00 lien to it soon-to-be lost third party purchaser, posted bond in the amount of the lien òr paid off the lien and litigated the matter. Buyer chose to do nothing and thus lost the sale and claim for damages. Our decision today is based on the particular facts of this case, for we are not unmindful of the rule of reasonableness in mitigation indicated in 12A O.S.1971 § 2–715 and detailed in *Bailey v. Roebuck Co.*, 135 Okl. 216, 275 P. 329 (1929) and *Tulsa Municipal Airport Trust v. National Gypsum Co.*, 551 P.2d 304 (Okl. App.1976), certiorari denied June 15, 1976. The lien represented less than one percent the value of the airplane and satisfaction thereof by the buyer is but an example of duty by an injured party to use reasonable care and diligence to mitigate damages.[6] Our decision might have been different had the lien been a more substantial part of the airplane's value when to pay it off would have meant a financial hardship for buyer.

 Buyer argues although an aggrieved buyer must mitigate damages, such is inapplicable where the seller has the duty to uphold its warranty of title. However there is no evidence in the record that buyer informed seller of its potential sale and unless the cloud was removed quickly the sale would be lost. Without such knowl-edge seller should not be held to account for its inaction, especially when buyer could have mitigated easily, quickly and reasonably, and saved its potential sale. See *Tulsa Municipal Airport v. National Gypsum Company, supra,* certiorari denied June 15, 1976. We agree with the trial court under the facts of the case in its refusal to grant consequential damages.

## III

 Buyer appeals from the trial court's awarding of attorney fees to it in the amount of $600.00, despite documentation that the attorneys spent more than 100 hours on the case. We find the court did not abuse its discretion in the matter. See *State ex rel. Burk et al. v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979).

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES, LAVENDER, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurs as to Part I and concurs in result as to Part II.

---

5. *Tillotson v. Gesner,* 33 N.J.Eq. 313 (E. & A. 1880).

6. *Nello L. Teer Co. v. Hollywood Golf Estates, Inc.,* 324 F.2d 669 (5th Cir. 1963); *Hegler v.* *Board of Education of Bearden School District,* 447 F.2d 1078 (8th Cir. 1971); *Goedecke v. Henderson,* 388 S.W.2d 728 (Tex.Civ.App. 1965).