Richard EVANS, Appellant,

v.

Ernest SITTON d/b/a Wellston Auto Salvage and Garage, Appellee.

No. 61608.

Supreme Court of Oklahoma.

Feb. 3, 1987.

Cathcart, Gofton & Stratton by Rosemary M. Rogers and Roger K. Gofton, Oklahoma City, for appellant.

Gerald P. Green and Robert N. Naifeh, Jr., Oklahoma City, for appellee.

HODGES, Justice.

On March 16, 1983, Richard Evans (appellant/plaintiff) brought an action against Ernest Sitton d/b/a Wellston Auto Salvage and Garage (appellee/defendant) to recover $2,000 for damage to appellant's truck which was alleged to have been caused by the negligence of appellee's employees. On June 2, 1983, appellee filed an offer to confess judgment pursuant to 12 O.S. 1981

§ 1101. The offer stated that the appellee "hereby offers to allow judgment to be taken against him in the above captioned action pursuant to the provisions of 12 O.S. 1981 § 1101 in the amount of $500.00 *inclusive of all interest, costs and attorney fees.*" (Emphasis added). Appellant rejected the offer and the jury at trial awarded appellant $306 in damages.

Appellant moved for attorney fees of $2,182 pursuant to 12 O.S. 1981 § 940. Appellee objected and moved for attorney fees under §§ 940 and 1101. The trial court overruled appellant's motion for attorney fees but granted appellee costs and fees pursuant to 12 O.S. 1981 § 940. Reversing the trial court's decision, the Court of Appeals held that appellee's offer was invalid and therefore did not invoke the provisions of §§ 1101 or 940(B). Also, the appellate court held that appellant under § 940(A) was the prevailing party and was entitled to recover attorney fees and costs. We vacate the opinion of the appellate court. The judgment of the trial court is affirmed in part and reversed in part.

I.

This case presents two issues of first impression for this Court. The first issue raised by appellee is whether an offer to confess judgment pursuant to 12 O.S. 1981 § 1101 [1] inclusive of interest, costs and attorney fees is a valid offer.

In *Wieland v. Danner Supply Company*, 695 P.2d 1332 (Okla.1984), this Court held that the plaintiff accepting a defendant's offer to confess judgment pursuant to 12 O.S. 1981 § 1101 is entitled to attorney fees and costs under §§ 936 and 939. The *Wieland* case, however, is distinguishable from this case. This Court awarded attor-

---

1. Title 12 O.S. 1981 § 1101 states:
   "The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."

ney fees because the defendant's offer did not include attorney fees and the plaintiff as prevailing party in a contract action was entitled to fees under § 936. Under the general rule, attorney fees will not be awarded unless specified by statute or contract. *Peabody Galion Corp. v. Kropp,* 658 P.2d 1155, 1157 (Okla.1983). Plaintiff in this case brought a negligence action. Under § 940, a prevailing party in a negligence action to property is entitled to attorney fees. Defendant, recognizing that attorney fees and costs could be assessed against him, included such fees and costs in his offer. This type of offer is not prohibited under 12 O.S. 1981 § 1101. The statute only requires that the offer state a "sum specified." Defendant's offer gave a sum specified which put plaintiff on notice that the offer included all relief plaintiff was entitled to against defendant, and thereby plaintiff would not be able to litigate the issues of attorney fees and costs after accepting the judgment.

This Court has recognized that the purpose of § 1101 is to facilitate and even encourage settlement to avoid unnecessary litigation. *Dulan v. Johnston,* 687 P.2d 1045, 1047 (Okla.1984). If this Court were to limit offers of judgment so that the offers could not include interest, costs and attorney fees, this Court would be thwarting the intent of the statute to encourage settlement of claims between parties.

## II.

■ The next issue raised by appellee is whether appellant should recover attorney

2. Title 12 O.S. 1981 § 940 provides:

"A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

"B. Provided that, the defendant in such action may, not less than ten (10) days after being served with summons, serve upon the plaintiff or his attorney a written offer to allow judgment to be taken against him. If the plaintiff accepts the offer and gives notice thereof to the defendant or his attorney, within five (5) days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant, verified by affidavit.

fees under § 940 [2] as prevailing party when he refused a § 1101 offer and received a judgment less than offered. The trial court refused appellant's motion for attorney fees and granted attorney fees to appellee. The Court of Appeals, however, reversed holding that appellant was entitled to attorney fees. Given the situation in this case, neither party should be awarded attorney fees. Section 940(A) states that if a judgment is rendered for the defendant, the defendant is entitled to attorney fees as the prevailing party. Moreover, if the plaintiff receives a verdict, the plaintiff is entitled to attorney fees subject to § 940(B). Under § 940(B), if the plaintiff prevails, but receives a judgment for a lesser amount than the defendant offered, the plaintiff is not entitled to recover attorney fees and costs. Nothing, however, dictates that the defendant should be awarded attorney fees. Paragraph B of § 940 is merely a bar to recovery of fees and costs by the plaintiff who would otherwise be entitled to them. Therefore, each party should bear its respective fees and costs, including those for appeal.

CERTIORARI GRANTED. OPINION OF COURT OF APPEALS VACATED. JUDGMENT OF TRIAL COURT AFFIRMED IN PART AND REVERSED IN PART.

DOOLIN, C.J., and SIMMS, OPALA and ALMA WILSON, JJ., concur.

The offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned at the trial. If upon the action being adjudicated the judgment rendered is for the defendant or for the plaintiff and is for a lesser amount than the defendant's offer, then the plaintiff shall not be entitled to recover attorney's fees, court costs and interest. If the judgment rendered is for the plaintiff, and is for the same amount as the defendant's offer, then the plaintiff and defendant shall incur their own attorney's fees, court costs and interest. And if the judgment rendered is for the plaintiff, and is for a larger amount than the defendant's offer, then the plaintiff shall be entitled to recover attorney's fees, court costs and interest."

LAVENDER, J., concurs in part II, dissents from part I.

SUMMERS, J., concurs in part I, dissents from part II.

KAUGER, J., concurs in result.

HARGRAVE, J., dissents.