SOUTHWESTERN BELL TELEPHONE COMPANY, a Missouri corporation, Appellee,

v.

PARKER PEST CONTROL, INC., an Oklahoma corporation, Appellant.

No. 63826.

Supreme Court of Oklahoma.

Feb. 17, 1987.

As Corrected Feb. 23, 1987.

James M. Reed, Owens & McGill, Inc., Tulsa, for appellee.

Charles A. Johnson, Ponca City, for appellant.

SUMMERS, Justice.

The telephone company sued for $3867.00, the unpaid balance on a yellow pages advertising contract. The pest control company defended on the basis that it had paid for all that the services were worth, and that the phone company had so misrepresented the business benefits of the advertising that it amounted to fraud. Just before trial defendant, pursuant to 12 O.S.1981 § 1101, offered to confess judgment in the sum of $1500.00. Plaintiff accepted the offer, leaving only the question of attorney fees unresolved. The trial court awarded the plaintiff telephone company a $5000.00 counsel fee and defendant appeals. The Court of Appeals reversed, holding that no attorney's fee should have been awarded.

We have granted certiorari and now must address two questions:

(1) Are attorney's fees recoverable in a suit on an unpaid yellow pages advertising account?

(2) If so, can the fee set herein be upheld as reasonable?

We answer in the affirmative as to the first, in the negative as to the second.

In *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332 (Okl.1984), we held that a plaintiff recovering a judgment by confession (under 12 O.S.1981 § 1101, as in this case) was a prevailing party the same as if judgment had been entered after a trial on the merits. See also *Dulan v. Johnston*, 687 P.2d 1045 (Okl.1984). *Wieland*, supra, ordered an attorney's fee for the prevailing plaintiff under 12 O.S.1981 §§ 936, 939, even though the defendant confessed the judgment.

In this case all agree that the written contract was silent on attorney fees, and that if plaintiff is to recover a fee it must be based on 12 O.S.1981 § 936, which is as follows:

> "In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

Defendant pest control company asserts that yellow page advertising is not a service, citing *The Classified Directory Subscribers Association et al v. Public Service Commission of the District of Columbia*, 274 F.Supp. 261 (D.C. Columbia 1966). We find the opinion less than persuasive. The issue there was whether such advertising *rates* were for the type of services designed to be regulated by the Public Service Commission, along with the rates for utilities, etc. The court ruled they were not. Our issue, however, must be resolved by examining the language of the unambiguous attorneys' fee statute in its plain and ordinary meaning. *Alfalfa Elec. Co. Op. Inc. v. First National Bank & Trust Co. of Okla. City*, 525 P.2d 644 (Okl.1974); *W.S. Dickey Clay Mfg. Co. v. Ferguson Inv. Co.*, 388 P.2d 300 (Okl.1963).

The Court of Appeals in reversing the fee award relied on *Russell v. Flanagan*, 544 P.2d 510 (Okl.1975) which held that a suit for breach of warranty, though "collaterally concerning labor or services" was "not a civil action for labor or services within the meaning of ... § 936". Id. at 512. We find this reliance to be misplaced, and refer to our language clarifying *Russell v. Flanagan*, supra, in *Burrows Construction Co. v. Independent School District No. 2, Stephens Co.*, 704 P.2d 1136, 1138 (Okl.1985):

> "It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of § 936. If the action is brought for labor and services rendered, the provisions of § 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not necessarily apply. The question is whether the damages arose directly from the rendition of labor or services, *such as a failure to pay for those services*, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services." (emphasis ours).

By 68 O.S.1981 § 1351 Oklahoma imposes a sales tax on all "services" not otherwise exempt. Specifically, advertising is so taxed under 68 O.S.1981 § 1354(J), unless it is of the type otherwise exempted.

Webster's 9th New Collegiate Dictionary defines "service" as:

> 4: The act of serving, as
> a: a helpful act (did him a service)
> b: useful labor that does not produce a tangible commodity—usually used in plural (charge for professional services).

■ No argument is advanced that tends to convince us advertising is not a service. By this opinion we hold that it is. Nor is this a case arising from "an aspect collaterally relating to labor and service," as in *Russell*. It is simply a suit based on failure to pay for the service rendered, namely advertising. Our ruling in *Burrows* man-

dates that the opinion of the Court of Appeals be vacated and the telephone company allowed an attorneys' fee pursuant to § 936.

The question then becomes whether the award of $5000.00 is reasonable in light of the amount sued for and recovered. The telephone company's evidence submitted in support of its application for fee shows 113.25 hours performed by five attorneys at rates ranging from $50.00 to $90.00 per hour for a total fee claimed of $6585.00.

In *Wieland,* supra, we held that a plaintiff recovering a confessed judgment under 12 O.S.1981 § 1101 is entitled to a reasonable attorneys fee for services "accruing up to and including the date defendant's offer to confess judgment was received." *Id* at P. 1334. That date in the instant case was September 12, 1984. Plaintiff's time records admitted in evidence disclose that 32.0 hours of the attorneys' time billed and claimed were performed after that date. The fee allowed, even as reduced by the trial court, thus goes beyond that authorized in *Wieland.*

Defendant urges that a $5000.00 fee is patently excessive for a $3867.00 lawsuit ultimately settled for $1500.00. He assails the doctrine enunciated in *State ex rel. Burk v. Oklahoma City,* 598 P.2d 659 (Okl. 1979) as necessarily imposing excessive attorneys' fees in cases such as · this. In *Burk* we mandated that the trial court first determine hourly compensation by multiplying hours times rate, and then adding to that an amount based on the following guidelines:

"1.  Time and labor required.
2.  The novelty and difficulty of the questions.
3.  The skill requisite to perform the legal service properly.
4.  The preclusion of other employment by the attorney due to acceptance of the case.
5.  The customary fee.
6.  Whether the fee is fixed or contingent.
7.  Time limitations imposed by the client or the circumstances.
8.  The amount involved and the results obtained.
9.  The experience, reputation and ability of the attorneys.
10.  The 'undesirability' of the case.
11.  The nature and length of the professional relationship with the client.
12.  Awards in similar cases." [1]

Several observations are in order.

First, the *Burk* directives were expressly given to be used "in this type of case." *Burk,* at P. 661. That case involved an "equitable fund" created for the victorious party through the efforts of its attorneys. We then evaluated cases from other jurisdictions in determining the standards used in fixing a fee to be charged against the "equitable fund." Since that time this court has not limited the standards set out in *Burk* for determining the amount of a fee to cases involving an "equitable fund", and has applied them generally where attorney fees are otherwise recoverable against the opposing party. See, for example, *Professional Construction Consultants, Inc. v. State,* 646 P.2d 1262 (Okl. 1982) (fee allowed pursuant to 12 O.S.1981 § 936); *Matter of Estate of Bartlett,* 680 P.2d 369 (Okl.1984) (fee for representing an administrator in probate); *Briscoe v. Harper Oil Co.,* 702 P.2d 33 (Okl.1985) (damages to real property). We have not, however, eliminated the *Burk* mandated "amount involved" as a factor to be considered. See, for example, *Catlin Aviation v. Equilease Corporation,* 626 P.2d 857 (Okl.1981), holding that the trial court did not abuse its discretion in allowing a $600.00 attorney's fee to go with an $1167.00 judgment, notwithstanding that plaintiff's attorney had more than 100 hours in the case.

Second, in *Oliver's Sports Center v. Nat. Standard Ins.,* 615 P.2d 291 (Okl.1980) an attorneys' fee of $60,000.00 was challenged in a case where plaintiff recovered $160,-000.00 on an insurance policy plus $20,-

---

**1.** In *Burk,* supra, we held these guidelines to be consistent with those appearing in our Code of Professional Responsibility, 5 O.S.1971, Ch. 1, App. 3, D.R. 2–106.

000.00 compensatory damages for bad faith in failing to settle. The attorneys' fee, authorized by statute in such cases, was affirmed on appeal, as being consistent with *Burk,* supra. In *Oliver's Sports,* however, we said:

"The general agreement in all jurisdictions is that the time and labor spent by the attorney in performing services for which compensation is sought is an important factor to be considered in setting a reasonable fee. However, it is also commonly agreed that the time element must be considered in connection with other factors. Fees cannot fairly be awarded on the basis of time alone. The use of time as the sole criterion is of dubious value because economy of time could cease to be a virtue; and inexperience, inefficiency, and incompetence may be rewarded to the detriment of expeditious disposition of litigation." (P. 294)

Other courts have considered the problem of excessive attorneys' fees due to the overworking of a case. In *Travieso v. Travieso,* 447 So.2d 940, 944 (Fla.Dist.Ct.App. 1984), the court said, quoting from *Baruch v. Giblin,* 122 Fla. 59, 164 So. 831, 833 (1935):

"Lawyers are officers of the Court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar."

In *Carkeek v. Ayer,* 188 Mont. 345, 613 P.2d 1013 (1980) plaintiff sued for $6200.00 and recovered a judgment of $3311.00. After asking for $5700.00 in attorney fees the plaintiff was awarded $3000.00 and appealed. The appellate court affirmed the fee as reduced, saying (613 P.2d 1015)

"A reasonable attorney's fee in a given case does not necessarily result from simple multiplication of the hours spent times a fixed hourly rate."

In *Argonaut Insurance Co. v. ABC Steel Products,* 582 S.W.2d 883 (Tex.Civ.App.

1979) the court indicated that if the total of hours spent was as the attorney claimed then the case had been overworked, stating (P. 889)

"Attorney's fees, where recoverable by law, must be reasonable under the particular circumstances of the case and must bear some reasonable relationship to the amount in controversy." ...

See also *Lytle v. Lytle,* 266 Ark. 124, 583 S.W.2d 1 (1979).

■ We make these observations and quote from the other jurisdictions with approval to demonstrate that not in *Burk* nor anywhere else have we rejected the notion that an attorneys' fee must bear some reasonable relationship to the amount in controversy. It does, and that relationship must be considered in each case where an attorneys' fee is awarded.

Having said that we return to the facts of this case. Defendant pest control company's expert testified that this was a "simple collection case", that no special skill was required, and that it was overworked. The trial court basically disagreed, allowing a $5,000.00 fee. Our standard of review requires that we affirm unless we find an abuse of discretion. *Burk,* supra.

■ In the first place, the fee as allowed is excessive, and was thus an abuse of discretion, for the reason we have heretofore stated. *Wieland,* supra.

On the other hand, we agree with the trial court that this was no simple collection case. What may have started out as such case did not stay that way for long. Defendants' answer, subsequent pleadings and briefs made it into a case involving allegations of fraud. Essentially the defense was that the telephone company, in what amounted to constructive fraud, misrepresented the benefits that would accrue to defendants' business by enlarging its yellow page advertising. Defendant in its trial brief refers to hundreds of thousands of customers of the plaintiff who must be able to rely on the plaintiffs representations as to predicted results, and characterizes the case as involving "certainly a public interest". It was therefore predictable that the telephone company would hardly prosecute the case as a simple collection.

Taking into account all factors herein noted, including but not limited to the amount in controversy, we conclude that a reasonable attorneys fee for the plaintiff to be taxed against the defendant is $3000.00. The opinion of the Court of Appeals is vacated. The judgment of the trial court is modified as to the amount of the attorneys' fee only and otherwise affirmed.

DOOLIN, C.J., and LAVENDER, SIMMS, ALMA WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in part; dissents in part.

HARGRAVE, V.C.J., dissents.

HODGES, J., disqualified.

OPALA, Justice, concurring in part and dissenting in part.

I concur in today's opinion *only* insofar as it holds that the contract in suit is one for "services" within the meaning of 12 O.S.1981 § 936.

I cannot accede to the court's view, initially adopted in *Wieland v. Danner Auto Supply, Inc.,*[1] and now reiterated here, which accords "prevailing party" status to a plaintiff who has accepted a defendant's lump-sum offer to confess judgment under the terms of 12 O.S.1981 § 1101. The de-

fendant's § 1101 lump-sum offer to confess judgment in this case should be construed as *all-inclusive.* It doubtless represents an effort to dispose of the offeror's *entire legal liability* in the contested action and it must hence be treated in law as embracing within its terms *all* the *items* which the adversary party-offeree *could have recovered in its suit.* The counsel-fee claim was here but an element of the total recovery sought. Our teaching in *Wieland*—allowing counsel-fee recovery to a plaintiff who has accepted a § 1101 lump-sum offer to settle—should be *confined* by today's decision to those § 1101 proposals of confession which in *explicit terms* (a) *exclude* counsel-fee liability from their purview, or (b) call for a post-acceptance adversary hearing to settle the fee to be allowed against the offeror.[2]

Lastly, I dissent from that part of today's opinion which gives this court's *imprimatur* to a *$3,000 counsel-fee award* for obtaining *a $1,500 judgment by confession.*[3]

No economic benefit can be derived from legal service whose claimed cost is twice the amount of recovery. The objective gauge for pragmatically measuring the marketplace value of a lawyer's forensic work must *remain the same* whether liability for its performance falls on the plaintiff who procured the rendition or on the

---

**1.** Okl., 695 P.2d 1332 [1984].

**2.** In my view, the intended legislative objective of § 1101 clearly requires that *all* lump-sum offers made under its terms be so construed as *to protect* the offeror from *additional liability* for a post-acceptance counsel fee demand. *All* these offers *must* be read as *implicitly inclusive* of the offeror's *entire* obligation in suit. Every asserted item of claim, including the offeror's statutory or contractual counsel-fee liability, should be deemed embraced within the terms of a § 1101 lump-sum offer. See in this connection *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 [1985]. Since our pronouncement in *Wieland* we have held that when a § 1101 lump-sum offer *explicitly states* that it includes the offeror's counsel-fee-obligation, the acceptance will operate to limit the plaintiff's recovery to the amount of confessed liability and to preclude the trial court from allowing counsel fees *in addition* to that amount. See *Evans v. Sitton dba Wellston Auto Salvage and Garage,* 735 P.2d 334 (1987). I would give *like treatment to all § 1101 lump-sum offers* and would regard their acceptance as an effective waiver of the plain-

tiff's claim to a contractual or statutory counsel fee. My notion of an implicit waiver is consistent with public policy and promotive of the law's clear objective to facilitate settlements rather than to ambush the offeror-defendant in an unexpected post-acceptance fee battle. Not even in civil rights litigation has the Court found a public-policy ingredient that prohibits courts from sanctioning settlements by which the plaintiff waives a counsel-fee claim assertable under the provisions of 42 U.S.C. § 1988. See, *Evans v. Jeff D.,* — U.S. —, 106 S.Ct. 1531, 89 L.Ed.2d 747 [1986].

**3.** Compare the standards applied here in arriving at the proper amount of counsel fee to be awarded with the *court's more restrictive approach* in *Catlin Aviation Company v. Equilease Corporation,* Okl., 626 P.2d 857, 861 [1981]; *Parkhill Truck Company v. Reynolds,* Okl., 359 P.2d 1064, 1068 [1961] and *Woods v. Levine,* Okl., 311 P.2d 204, 206 [1957].

plaintiff's vanquished adversary. Since no sane creditor would pay for collecting an obligation double the amount accepted as due from the debtor, judicial imposition of such counsel-fee liability *makes no economic sense.* It can be justified *only* as a punitive measure to deter defendants from waging forensic contests. There is no sanction in our law—decisional, statutory or constitutional—for judicial use of counsel-fee awards as a device to hamper the litigants' access to courts, and I would not countenance, however obliquely, a course of decision-making that runs so clearly counter to the law's long-established policy and to our constitutional order of free institutions.[4]

I would circumscribe the perimeter of the *Wieland* doctrine and reverse the fee award to the plaintiff-offeree with directions to vacate it *in toto;* I would let the unchallenged $1,500 judgment by confession stand and allow the plaintiff to recover additionally only *ordinary cost items* statutorily taxable of course[5] in the district court; I would further direct that each party bear its own appeal-related counsel-fee expense.

---

**4.** Art. 2, §§ 6 and 7, Okl. Const.; *Moses v. Hoebel,* Okl., 646 P.2d 601 [1982] and *Bishop v. Bishop,* Okl., 321 P.2d 416 [1958].

**5.** For a legal meaning of the term "of course" see *Chamberlin v. Chamberlin,* Okl., 720 P.2d 721, 726 [1986].