**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TED KIMZEY, an individual; TROY
MILLER, an individual; ESTATE OF
CLOVIS MILLER, SR., an individual;
GENEVA MILLER, an individual;
STEELE KIMZEY, an individual,

        Plaintiffs-Appellants,

v.

FLAMINGO SEISMIC SOLUTIONS
INC., a foreign for profit business
corporation,

        Defendant-Appellee.

No. 11-6211

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:10-CV-00906-M)**

---

Submitted on the briefs:[*]

Randy C. Smith, Hickman Law Group, PLLC, Oklahoma City, Oklahoma; Thomas B.
Goodwin, Thomas B. Goodwin Law Firm, Cheyenne, Oklahoma, for
Plaintiffs-Appellants.

Michael E. Smith and Sharon T. Thomas, Hall, Estill, Hardwick, Gable, Golden &
Nelson, P.C., Oklahoma City, Oklahoma, for Defendant-Appellee.

---

[*]    After examining the parties' briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument.

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

_____

**McKAY**, Circuit Judge.

_____

This is an appeal from a summary judgment dismissal in the district court. Plaintiffs brought a trespass action for damages to their land caused by Defendant's seismic exploration activities. Plaintiffs originally filed their action in the state court of Oklahoma; Defendant removed it to federal district court based on diversity of citizenship. Defendant moved for summary judgment, arguing that it had permission to enter the property and conduct seismic testing from owners of the mineral rights and/or oil and gas leasehold rights, which lie under the surface estate of Plaintiffs' properties. The district court agreed and granted summary judgment for Defendant. Defendant sought an award of attorney's fees pursuant to title 12, section 940(A) of the Oklahoma Code. The district court awarded Defendant $71,560 in attorney's fees as the prevailing party. Plaintiffs appeal both the summary judgment and the award of attorney's fees.

## BACKGROUND

Plaintiffs own surface estates in Roger Mills County in Western Oklahoma. Defendant is a company engaged in geophysical data services for the oil and gas industry. Owners of undivided interests in the oil and gas leasehold and/or mineral estate underlying Plaintiffs' lands granted permission to Defendant to enter the

properties and conduct seismic exploration.[1]  Plaintiffs argued that the owners of the oil and gas leaseholds, as lessees, had no right to grant Defendant permission to enter the properties, and that such permission was further invalid because the seismic exploration did not benefit the mineral estate.

In its summary judgment ruling, the district court held "[i]t is undisputed that [D]efendant was granted permission to conduct seismic testing by the owners of the mineral rights and/or oil and gas leasehold rights that lie under the surface estate of [P]laintiffs' property."  Aplt. App. at 301.  The district court observed "[i]t is . . . well-established under Oklahoma law that an owner of mineral interests and/or oil and gas leasehold rights can validly grant a permit authorizing another person to conduct seismic exploration of the mineral estate."  *Id*. at 302.  Thus, the district court held that no trespass had occurred.   The district court further found that "there is no support in the case law for [P]laintiffs' assertion that there must be a benefit to the mineral estate in order for an owner to have authority to assign his right to conduct seismic operations."  *Id*. at 303.  Regardless, the district court found there was a benefit to the mineral estate in this case from the "greater potential for the development of the land as a result of the seismic operations."  *Id*.

After the district court granted summary judgment, Defendant moved for an award of attorney's fees.  Plaintiffs argued that because the district court held there

---

[1]     Plaintiffs did not dispute this fact during the district court proceedings.

was no trespass, and therefore did not address the issue of injury to Plaintiffs' properties, title 12, section 940(A) of the Oklahoma Code did not apply. The district court rejected Plaintiffs' argument and awarded Defendant $71,560 in attorney's fees.

**DISCUSSION**

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (quotation omitted). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id*. (quotation omitted). Summary judgment is available "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with the district court that Oklahoma law clearly permits owners of mineral estates to grant access to the surface property in order to conduct seismic exploration. In Oklahoma, the owner of a mineral interest has the right to enter the land to explore for oil and gas. *See DuLaney v. Okla. State Dep't of Health*, 868 P.2d 676, 680 (Okla. 1993).[2] "The authority to explore for oil and gas extends to the

---

[2]  The Oklahoma Legislature recently confirmed this "historical right" in its enactment of title 52, section 803 of the Oklahoma Code, effective July 1, 2012: "[T]he mineral owner has had, and shall hereafter continue to have, the right to make reasonable use of the surface estate, including the right of ingress and egress therefor, for the purpose of exploring, severing, capturing and producing the minerals

(continued . . .)

- 4 -

mineral interest owner's lessee." *Id*. "The right includes surface ingress and egress and the authority to occupy the surface to the extent reasonably necessary for exploring and marketing the oil and gas." *Id*. "The interest is in the nature of a property right, and the surface estate is servient to the dominant estate for the purpose of oil and gas development." *Id*. (footnote omitted). An oil and gas lessee owns an "easement in the surface, which is incident to or implied from the lease, [and which] extends to such parts of the demised premises as are reasonably necessary for the purpose of exploration or production." *Hinds v. Phillips Petroleum Co.*, 591 P.2d 697, 699 (Okla. 1979). Such interest is "clearly divisible" and "separately alienable." *Id*. Indeed, "leasehold interests are freely alienable under [Oklahoma] law." *Id.*; *see also Enron Oil & Gas Co. v. Worth*, 947 P.2d 610, 613 (Okla. Civ. App. 1997) ("[A] mineral owner may sever and assign the surface easement for the limited purpose of conducting geophysical exploration.").

Plaintiffs argue that while a mineral owner may assign its right to an oil and gas lessee, a lessee may not similarly assign its right. Plaintiffs are mistaken. In *Hinds*, the oil and gas lessee executed a contract conveying its surface easement to a third party, similar to the conveyance in this case. *Hinds*, 591 P.2d at 698. The Oklahoma

---

underlying the tract of real property or lands spaced or pooled therewith."
Okla. Stat. tit. 52, § 803(A). "It is the intent of this act to confirm the mineral owner's historical right to make reasonable use of the surface estate, . . . ." *Id*. § 803(F).

Supreme Court upheld the conveyance. Again, "leasehold interests are freely alienable under [Oklahoma] law." *Id*. at 699.

Plaintiffs also argue that Oklahoma law requires that any conveyance of surface rights must benefit the mineral estate, perhaps relying on the statement in *Hinds* that "the transfer of rights to [the defendant] did not operate to benefit any premises other than those of landowner-lessor." *Id*. at 700. In *Hinds*, the oil and gas lessee conveyed to a third party the right to enter onto the surface to lay and maintain a pipeline from a producing well on the landowner's property. The court compared that scenario with one from another case where a Kentucky court struck down a conveyance of the surface easement granted in order to lay pipe over the subject property, which would carry oil and gas from a wholly separate property. *See Ky. Pipe Line Co. v. Hatfield*, 3 S.W.2d 654 (Ky. 1927). Thus, in *Hinds*, the Oklahoma court was merely noting that the easement conveyance must at least relate to the subject property, which it does here. Nowhere in *Hinds* did the Oklahoma court condition the alienability of the leasehold interest on a benefit to the land. The only restraint the *Hinds* court recognized was that the lessee's surface easement "extends to such parts of the demised premises as are reasonably necessary for the purpose of exploration or production."[3]

---

[3] We also agree with the district court that even if Oklahoma law requires that any oil and gas lessee permit must benefit the oil and gas lessee or the mineral owner, Defendant's exploration in this case does so. Despite the oil and gas lessee allegedly not having a contractual right to receive the seismic results of Defendant's exploratory study, it could still purchase that study from Defendant, and thereby receive a benefit.

(continued . . .)

- 6 -

*Hinds*, 591 P.2d at 699.   Defendant's actions in this case were specifically for exploration and directly related to the mineral estate underlying Plaintiffs' surface estates.

Defendant entered onto Plaintiffs' properties with the express, written consent of the owners of leasehold interests.   Thus, no trespass occurred, and summary judgment was proper.   To the extent Plaintiffs now raise the issue of Defendant's unreasonable use of Plaintiffs' surface properties, we do not address such issue; Plaintiffs did not raise it in the district court.   *See Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1244 (10th Cir. 2009) ("[W]e generally do not consider new theories on appeal—even those that fall under the same general category as one that was presented in the district court.").

We now turn to the issue of attorney's fees.   We must first consider our jurisdiction.   Defendant claims we lack jurisdiction to review the district court's award of attorney's fees because Plaintiffs did not file a second notice of appeal after the district court's fee award.   *See Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1995) ("The Supreme Court has held that the question of attorney's fees and costs are collateral to and separate from a decision on the merits.").   Here, the district court entered its summary judgment dismissal on July 19, 2011.   Plaintiffs

---

Regardless, "[t]he greater the number of parties allowed to explore, the more exploration will occur and the greater will be the potential for development of the land."   *Mustang Prod. Co. v. Texaco, Inc.*, 754 F.2d 892, 895 (10th Cir. 1985).

filed their timely notice of appeal on August 12, 2011. The district court awarded

attorney's fees to Defendant on October 11, 2011. Plaintiffs did not file an additional

notice of appeal after the October 11th order. However, on November 8, 2011, within

thirty days of the fee-award order, Plaintiffs filed their opening brief in the

previously-noticed appeal and specifically challenged the fee award. It is appropriate

to construe Plaintiffs' brief as the functional equivalent of a notice of appeal from the

order awarding fees if it provides the notice required by Fed. R. App. P. 3(c)(1). *See*

*Smith v. Barry*, 502 U.S. 244, 248 (1992).[4]

Under Rule 3(c)(1), a notice of appeal must "specify the party or parties taking

the appeal . . .; designate the judgment, order, or part thereof being appealed;

and . . . name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1).

Plaintiffs' appellate brief meets all of these requirements: it refers to the district

court's October 11th fee award order; it identifies Plaintiffs as the appealing parties;

and it names this court as the court to which the appeal is taken. Thus, we have

jurisdiction.

We review "a district court's award of attorney fees . . . subject to an abuse of

discretion standard, but any legal conclusions that provide a basis for the award are

reviewable *de novo*." *Tulsa Litho Co. v. Tile & Decorative Surfaces Magazine Publ'g*

*Inc.*, 69 F.3d 1041, 1043 (10th Cir. 1995). Defendant is entitled to attorney's fees if a

---

[4]     This rule is not limited to pro se appeals. *See B. Willis, C.P.A., Inc. v. BNSF
Ry. Corp.*, 531 F.3d 1282 (10th Cir. 2008).

contract or statute so provides. *Walden v. Hughes*, 799 P.2d 619, 619 (Okla. 1990).

Title 12, section 940(A) of the Oklahoma Code provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party *shall be allowed* reasonable attorney's fees, courts costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Okla. Stat. tit. 12, § 940(A) (emphasis added). The Oklahoma Supreme Court has interpreted Section 940(A) to "contemplate only those actions for damages for the negligent or willful *physical* injury to property." *Woods Petroleum Corp. v. Delhi Gas Pipeline Corp.*, 700 P.2d 1011, 1013 (Okla. 1984). "A party who successfully defends a property damage claim is entitled to an attorney fee award under section 940 of title 12." *Lee v. Griffith*, 990 P.2d 232, 234 (Okla. 1999); *see also Evans v. Sitton*, 735 P.2d 334, 336 (Okla. 1987) ("Section 940(A) states that if a judgment is rendered for the defendant, the defendant is entitled to attorney fees as the prevailing party.").[5] In the face of this clear Oklahoma precedent, there is no merit to Plaintiffs' argument

---

[5] Our conclusion in *Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1268 (10th Cir. 2007), that "a prevailing party must recover actual damages for physical injury to property to recover attorney's fees under § 940(A), even in a trespass action[,]" reiterates the Oklahoma Supreme Court's ruling that a *physical* injury must have occurred, as opposed to a non-physical injury similar to lost profits. It does not affect the Oklahoma Supreme Court's position that a defendant who successfully defends against a property damage claim, thus recovering no damages but instead defending against such a recovery, is also entitled to attorney fees under § 940(A). *See Evans*, 735 P.2d at 336. In their complaint, Plaintiffs pled actual, physical, and substantial damages to their properties. Thus, application of § 940(A) is appropriate.

that § 940(A) does not apply because the district court found that no trespass had occurred and therefore did not reach the issue of damages for the negligent or willful injury to property.   Defendant, as the prevailing party, is entitled to attorney's fees.

Finally, we hold that the district court did not abuse its discretion in awarding Defendant $71,560.00.   The district court carefully reviewed Defendant's affidavits and time records in support of its fee request pursuant to the relevant factors set forth in *State of Oklahoma ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979).   Further, the district court reduced the hourly rates of several of Defendant's attorneys based on its own knowledge of prevailing market rates. *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006).   The fee award was therefore reasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment and award of attorney's fees.