FILED
United States Court of Appeals
Tenth Circuit

December 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JET CAPITAL,

        Plaintiff–Appellant,

and

SOUTHWEST AVIATION
SPECIALTIES, LLC; MIDWEST AIR
EXPRESS, LLC,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant–Appellee,

and

DEPARTMENT OF THE NAVY AND
UNITED STATES MARINE CORPS;
CARDINAL AVIATION, INC.;
CAROLINA CONSTRUCTION
CONSULTANTS, d/b/a Thomas Dailey;
HCC INSURANCE HOLDINGS, INC.;
U.S. SPECIALTY INSURANCE
COMPANY,

        Defendants.

No. 12-5018
(D.C. No. 4:10-CV-00089-CVE-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

(continued)

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Jet Capital appeals from the district court's orders granting summary judgment to the United States on Jet Capital's claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and denying a motion for a new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Jet Capital owned a Beechcraft King Air Model C90 aircraft (the "Aircraft") that it leased to Cardinal Aviation, Inc., d/b/a Thomas Dailey. Dailey, through his other business Carolina Construction Consultants, in turn contracted to provide flight hours on a Beechcraft C90 or an equivalent aircraft to the United States Marine Corps.

On April 25, 2008, a Marine Corps pilot flew the Aircraft for approximately an hour. Upon landing at the Baton Rouge Metropolitan Airport in Louisiana, the Aircraft was damaged when the right main landing gear collapsed after the upper torque knee failed. The upper torque knee had a preexisting fracture with coloring consistent with corrosion and another shiny fracture without corrosion.

ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In February of 2002, the Federal Aviation Administration issued Airworthiness Directive ("AD") 2002-01-10, which required inspection for fatigue cracks in the torque knees of Beechcraft Model C90 aircraft within 100 hours of flight time after issuance of the AD. If no cracks were found, the next inspection was to take place within the next 1,000 hours of flight time. On January 3, 2003, an initial inspection of the Aircraft revealed no cracks. On that date, it had 9,327.7 hours of flight time; thus, the next inspection was required before 10,327.7 hours of flight time. When the Aircraft was leased to Cardinal, it had 10,306.8 hours of flight time. No additional record of inspections was noted as required by the AD, even though the Aircraft had exceeded 10,327.7 hours of flight time at the time of the crash.

After the torque knee failed, Jet Capital filed a complaint asserting a general negligence claim against the United States under the FTCA. In its first amended complaint, Jet Capital changed its claim, asserting the United States was negligent per se because its pilot violated federal aviation regulations by operating the Aircraft outside scheduled maintenance intervals required by the AD.

The United States moved for summary judgment, asserting that Louisiana law does not recognize a claim of negligence per se and therefore there was no corresponding state-law cause of action, as the FTCA requires. In response, Jet Capital conceded that "[i]n this case . . . no duty under Louisiana law exists," but

asserted that under Louisiana Civil Code article 3542, the federal aviation regulations could establish a tort duty.[1]

The district court granted summary judgment to the United States. The court determined that Louisiana does not recognize a claim for negligence per se, federal regulations do not provide an independent basis for recovery under the FTCA, and article 3542 is "Louisiana's choice of law rule governing contract claims and it does not allow [Jet Capital] to use federal regulations to create a tort duty as a matter of Louisiana law."

Represented by new counsel, Jet Capital filed a motion for a new trial under Federal Rule of Civil Procedure 59(e). It asserted that Louisiana courts have moved from traditional negligence terminology towards a duty/risk analysis that focuses on fault. See La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."). Although conceding that negligence per se is no longer recognized in Louisiana, Jet Capital contended that a plaintiff could still recover damages based solely upon a defendant's regulatory violation. Thus, Jet Capital claimed that the pilot owed a duty to confirm the airworthiness of the Aircraft before takeoff "under general fault principles, as well as under federal regulations."

---

[1] "Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to that issue." La. Civ. Code art. 3542.

The district court denied the motion for a new trial, finding that Jet Capital asserted new arguments in an attempt to raise a general negligence claim not alleged in the amended complaint nor in its response to the motion for summary judgment. The court noted that Jet Capital ignored its own earlier concession that Louisiana law does not create a tort duty against the United States under the facts of this case. Further, the court concluded that even if it were to consider the new arguments, Jet Capital had not shown that the United States breached a duty to Jet Capital.

## II

### A

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Kimzey v. Flamingo Seismic Solutions Inc., 696 F.3d 1045, 1048 (10th Cir. 2012) (quotation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Kimzey, 696 F.3d at 1048 (quotation omitted).

The FTCA permits suit against the United States for damages to property "caused by the negligent or wrongful act or omission" of a government employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

occurred." 28 U.S.C. § 1346(b)(1). The damage to the Aircraft occurred in Louisiana, and the parties agree that Louisiana law governs. We therefore look to Louisiana law "to resolve questions of substantive liability." Miller v. United States, 463 F.3d 1122, 1123 (10th Cir. 2006). "We review the district court's determinations of state law de novo." Ayala v. United States, 49 F.3d 607, 611 (10th Cir. 1995).

In its amended complaint and opposition to summary judgment, Jet Capital explicitly based its case entirely on a negligence per se theory, arguing that the United States was liable because of its alleged violation of federal regulations. Jet Capital's response to the United States' motion for summary judgment acknowledged that "[i]n this case . . . no duty under Louisiana law exists," and instead contended that "the duty required of [the United States] is imposed by Federal Law, namely the [AD]." However, "where a negligence claim is based on a violation of a federal . . . regulation, no claim will lie under the FTCA in the absence of some other duty under the applicable state law." Klepper v. City of Milford, 825 F.2d 1440, 1448 (10th Cir. 1987).

Jet Capital did not assert a cognizable duty under state law in its amended complaint or opposition to summary judgment. Negligence per se has been rejected in Louisiana. See, e.g., Galloway v. State ex rel. Dep't of Transp. & Dev., 654 So.2d 1345, 1347 (La. 1995); Faucheaux v. Terrebonne Consol. Gov't, 615 So.2d 289, 292 (La. 1993) ("The violation of a statute or regulation does not automatically, in and of itself, impose civil liability."). Jet Capital did reference Louisiana Civil Code article

3542 in its response to the motion for summary judgment; however, this state statute is a choice of law statute and does not create a duty under Louisiana law, as the district court correctly determined and Jet Capital does not contest.

Although Jet Capital did allege a general negligence claim in its original complaint, the amended complaint superseded the original complaint and "render[ed] it of no legal effect." Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991). Before this Court, Jet Capital asserts new arguments in an effort to resuscitate its general negligence claim. Because Jet Capital abandoned this claim in the district court, we deem it waived. See Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127 (10th Cir. 2011); Lone Star Steel v. United Mine Workers of Am., 851 F.2d 1239, 1243 (10th Cir. 1988) ("Ordinarily, a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory."). Accordingly, we conclude that the district court properly granted summary judgment for the United States.

**B**

"We review the denial of a Rule 59(e) motion for an abuse of discretion." ClearOne Commc'ns, Inc. v. Biamp Sys., 653 F.3d 1163, 1178 (10th Cir. 2011). "A district court abuses its discretion if it made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. (quotation omitted). "Grounds warranting [the grant of a Rule 59(e) motion] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the

need to correct clear error or prevent manifest injustice." <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to . . . advance arguments that could have been raised in prior briefing." <u>Id.</u>

Contrary to Jet Capital's assertions, the district court did not mischaracterize its opposition to summary judgment, which clearly conceded that no duty existed under Louisiana law. We agree with the district court that Jet Capital's Rule 59(e) motion, by claiming that the United States owed Jet Capital a duty under Louisiana law, raised a new argument that could have been advanced previously. We conclude the district court did not abuse its discretion in denying Jet Capital's motion for a new trial.

### III

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge