**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANTHONY VOLNER,

       Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY,

       Defendant-Appellee.

No. 11-7081
(D.C. No. 6:11-CV-00003-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Anthony Volner appeals from the district court's order granting summary

judgment to Union Pacific Railroad Co. on his Federal Employer's Liability Act

(FELA), 45 U.S.C. §§ 51-60, claim. He alleges Union Pacific failed to provide a safe

workplace and required him to engage in unsafe job duties. We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Volner worked for Union Pacific for five and one-half years in various capacities. In November 2009, while working as a trackman on a section gang putting in railroad ties, he allegedly injured his neck. He did not file an incident report that day, but he told the foreman and supervisor that his neck hurt and his arm tingled. After seeing neurosurgeon, Dr. Patrick Han, Mr. Volner completed a personal injury report on January 12, 2010. In the report, he admitted that he could not state what date he was injured, where he was injured, the activity he was performing when he was injured, what caused his injury, or what tools caused the injury. He indicated "NA" for the question asking whether other persons witnessed or knew of the injury.

Nearly a year later, Mr. Volner filed his complaint for damages asserting a number of claims relating to the safety of the workplace and the demands of the work he was assigned to do. Union Pacific moved for summary judgment. It asserted that Mr. Volner failed to show negligence by Union Pacific and that his work caused his injuries.

The district court granted summary judgment. Although recognizing that a relaxed standard of causation applied under FELA, the court determined that Mr. Volner still had the burden to first prove Union Pacific's negligence, which, as a matter of law, he did not do. The court noted that Mr. Volner could not recall a specific activity, defective tool, or specific working condition causing his neck

injury, nor did he specify in his personal injury report the date he was injured, where he was injured, the specific activity he was engaged in when he was injured, what caused the injury, or what tools caused the injury. In addition, the court concluded that Mr. Volner failed to show a defect in the premises or equipment, Union Pacific's notice of the defect, his request for a transfer to another job, or that he informed Union Pacific that work was causing his problems. Finally, with respect to causation, the court determined as a matter of law that Mr. Volner failed to present competent expert testimony to establish a link between his injuries and his work.

## II.    ANALYSIS

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Kimzey v. Flamingo Seismic Solutions Inc*., 696 F.3d 1045, 1048 (10th Cir. 2012) (internal quotation marks omitted). We review the evidence and draw reasonable inferences from the evidence in the light most favorable to the nonmoving party, Mr. Volner. *See id*. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A mere scintilla of evidence will not suffice to allow a nonmoving party to survive summary judgment." *Smith v. Rail Link, Inc*., 697 F.3d 1304, 1309 n.2 (10th Cir. 2012).

Mr. Volner recognizes that these summary judgment standards apply. But he argues that the district court failed to recognize that summary judgment is appropriate

only if there was no reasonable basis for a jury to find for him. *See Gadsden v. Port Auth. Trans-Hudson Corp.*, 140 F.3d 207, 209 (2nd Cir. 1998) ("Under the FELA, the case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." (internal quotation marks omitted)). Regardless of whether the district court recognized this standard, we conclude as a matter of law, as discussed below, that there was no reasonable basis for a jury to find for Mr. Volner and the district court therefore correctly granted summary judgment.

FELA holds railroads liable for injuries to employees resulting from the railroad's negligence. *See* 45 U.S.C. § 51. An employee must prove that (1) his injuries occurred within the scope of his employment; (2) he was employed as part of the railroad's interstate transportation business; (3) the railroad was negligent; and (4) the negligence at least in part caused the injury for which the employee seeks compensation. *Van Gorder v. Grand Trunk W. R.R.*, 509 F.3d 265, 269 (6th Cir. 2007). Only the third and fourth prongs are at issue in this appeal.

We first consider whether Union Pacific was negligent. Mr. Volner has the burden to show the common law negligence elements of duty, breach, foreseeability, and causation. *See Hardyman v. Norfolk & W. Ry.*, 243 F.3d 255, 258 (6th Cir. 2001); *see also Huffman v. Union Pac. R.R.*, 675 F.3d 412, 418 (5th Cir. 2012) ("[N]egligence . . . requires proof of breach of a standard of care, causation, and damages." (citing *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 540 (1994))),

- 4 -

*cert. denied*, ___ S. Ct. ___, 2013 WL 57123 (Jan. 7, 2013). It is not enough that Mr. Volner was injured; Union Pacific must actually be negligent for there to be liability under FELA. *See Consol. Rail Corp*., 512 U.S. at 543. If Union Pacific was negligent, Mr. Volner "need only show that its negligence contributed even slightly to his injury. . . . [T]he relaxed causation standard under FELA does not affect his obligation to prove that [Union Pacific] was in fact negligent." *Van Gorder*, 509 F.3d at 269.

Mr. Volner argues that the district court erred in holding that Union Pacific was not negligent. He maintains that he proved negligence because he testified at his deposition that he suffered an acute injury while placing railroad ties in November 2009, after the number of men on the crew and the tools had been diminished during his time with Union Pacific. Further, he contends that Union Pacific negligently took no action after it was informed of his injury and continually assigned him to shifts, resulting in cumulative trauma injury.

We agree with the district court that Mr. Volner, as a matter of law, failed to meet his burden of showing negligence. Although he states that he suffered an acute injury, Mr. Volner could not point to a defective tool or a working condition that caused the injury. When he notified Union Pacific on January 12, 2010, about the November 2009, injury he could not identify the date of his injury, where he was injured, what he was doing when injured, or what caused his injury. Union Pacific presented a report from an expert, Greg G. Weames, that stated Mr. Volner's job

duties did not present an increased risk for the development of cervical spine degeneration. Mr. Volner did not challenge the report. At no time did he provide evidence that his job was unreasonably dangerous, that the tools he used were inadequate, or that his workplace was not safe. The physical demands of his job alone are insufficient to show negligence. *See Tootle v. CSX Transp., Inc.*, 746 F. Supp. 2d 1333, 1337-38 (S.D. Ga. 2010); *see also Consol. Rail Corp.*, 512 U.S. at 543 (FELA is not workers compensation statute). His difficulty performing his job is not enough to show the job was unsafe or that Union Pacific required him to perform the job in an unsafe manner. *See Lewis v. CSX Transp., Inc.*, 778 F. Supp. 2d 821, 837 (S.D. Ohio 2011).

Accordingly, Mr. Volner has not presented any evidence showing that Union Pacific breached a duty by failing to use ordinary care or failing to do what a reasonably prudent person would do to make the work environment safe. *See Van Gorder*, 509 F.3d at 269 (citing *Tiller v. Atl. Coast Line R.R.*, 318 U.S. 54, 67 (1943)). Nor has he shown that Union Pacific "knew, or by the exercise of due care should have known, that prevalent standards of conduct were inadequate to protect [him] . . . ." *Urie v. Thompson*, 337 U.S. 163, 178 (1949) (internal quotation marks omitted). Regardless of whether Mr. Volner suffered from an acute injury or a cumulative trauma, he failed to make even a slight showing that Union Pacific was negligent. Thus, we conclude that the district court correctly decided as a matter of law that Mr. Volner failed to show negligence.

Because Mr. Volner has failed as a matter of law to show negligence, we need not consider whether he made a showing of causation. Accordingly, we conclude the district court properly granted Union Pacific's motion for summary judgment.

The judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge