FILED
United States Court of Appeals
Tenth Circuit

October 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALEXIS R. ORTIZ,

     Plaintiff - Appellant,

v.

BEVERLY DOWIS, Health Services
Administrator, Sterling Correctional
Facility; LT. HOFFMAN, Housing
Lieutenant, Sterling Correctional
Facility, in their individual and official capacities,

     Defendants - Appellees.

No. 15-1453
(D.C. No. 1:13-CV-00612-PAB-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

Alexis R. Ortiz, proceeding pro se,[1] appeals the district court's order granting

summary judgment in favor of Beverly Dowis and Eric Hoffman. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Ortiz's pro se pleadings, but hold him to the same rules of procedure that govern other litigants. _Kay v. Bemis_, 500 F.3d 1214, 1218 (10th Cir. 2007).

## I. Background

Ortiz, an inmate at Sterling Correctional Facility (SCF) in Sterling, Colorado, injured his back in a fall in 2010. He had an MRI in August 2012 and back surgery in January 2013, but he claims that he nevertheless permanently lost function of his left leg and foot.

Ortiz sued various prison officials under 42 U.S.C. § 1983 and the Eighth Amendment, alleging they were deliberately indifferent to his medical needs. The district court dismissed Ortiz's claims against all defendants except Hoffman and Dowis, although it partially dismissed those claims under the statute of limitations. Hoffman and Dowis later moved for summary judgment, which the district court granted. Ortiz appeals.

## II. Scope of Review

We generally lack jurisdiction to review rulings not identified in the notice of appeal.[2] *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997). In his opening brief, Ortiz challenges the district court's order granting summary judgment for Hoffman and Dowis, as well as prior orders regarding the statute of limitations and dismissal of other defendants. But the only ruling identified in Ortiz's notice of appeal is the final judgment for Hoffman and Dowis based on the district court's order granting summary judgment in their favor. We therefore limit our review to

---

[2] Although there are exceptions to this rule, *see, e.g.*, *Sines v. Wilner*, 609 F.3d 1070, 1074-75 (10th Cir. 2010); *Kimzey v. Flamingo Seismic Solutions Inc.*, 696 F.3d 1045, 1049 (10th Cir. 2012), Ortiz does not argue they apply nor are we aware of any applicable exception.

that order.  We reject Ortiz's suggestion that this court's order dated January 15, 2016, excused him from identifying other rulings he wished to challenge in his notice of appeal.  That order simply notified Ortiz that this appeal, which had been abated, would proceed and that Ortiz was not required to file a "new notice of appeal."  *Ortiz v. Dowis*, No. 15-1453, order at 1 (10th Cir. Jan. 15, 2016).  It did not excuse Ortiz from complying with Fed. R. App. P. 3(c)(1)(B), which requires a notice of appeal to "designate the judgment, order, or part thereof being appealed."

### III. Standard of Review & Legal Framework

We review the grant of summary judgment de novo, applying the same standards that the district court should apply.  *See Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  A party is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute "is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (internal quotation marks omitted).  A fact is material if it is essential to the disposition of the claim.  *See id*.  At the summary-judgment stage, the court must view the evidence in the light most favorable to the nonmoving party, and must resolve all factual disputes and draw all reasonable inferences in his favor.  *See Cillo*, 739 F.3d at 461.

Prison officials violate the Eighth Amendment's ban on cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs.

3

*See Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). To prevail on such a claim in the present context, an inmate must show that (1) he faced "conditions posing a substantial risk of serious harm," and (2) the defendant official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first part of the test is objective; the second is subjective. *See Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). A medical need is sufficiently serious if a physician has diagnosed it as requiring treatment or if it is so obvious that even a lay person would recognize that treatment is required. *See Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the inmate's health or safety. *See Self*, 439 F.3d at 1231.

### IV. Analysis

### A. Hoffman

Hoffman's responsibilities at SCF included assigning bunks to inmates in Ortiz's living unit. Ortiz claims that Hoffman was deliberately indifferent to his serious medical needs because Hoffman assigned Ortiz a top bunk on the third tier of the prison despite knowing he walked with a cane. The district court granted summary judgment because Ortiz failed to demonstrate "a genuine dispute of material fact that . . . Hoffman knew of and disregarded a substantial risk to [his] health or safety." R. Vol. I at 560-61. We agree.

According to Hoffman's affidavit, he assigned Ortiz a top bunk to accommodate another inmate who had a medical restriction requiring a bottom bunk.

4

When Ortiz objected to the assignment, Hoffman called the medical department and confirmed that Ortiz had no restrictions preventing him from occupying an upper tier or bunk. Because Ortiz has presented no contrary evidence, any reasonable factfinder would have to infer that Hoffman tried to determine whether there was a medical or safety reason not to assign Ortiz an upper tier or bunk and believed there was not.

In Ortiz's "motion affidavit/declaration" opposing summary judgment, R. Vol. I at 439, he claims that a doctor told him he had a "bottom tier/bottom bunk" restriction and that Department of Corrections (DOC) policy requires inmates with canes to occupy bottom tiers and bunks, *id*. at 446. But he offers no proper evidence to support these allegations. At the summary-judgment stage the "plaintiff has an obligation to present some evidence to support the allegations; mere allegations, without more, are insufficient to avoid summary judgment*." Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1150-51 (10th Cir. 2006) (internal quotation marks omitted). Ortiz's description of the doctor's statements does not create a genuine dispute of fact because this hearsay would not be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(4) (an affidavit or declaration used to oppose a motion for summary judgment must "set out facts that would be admissible in evidence"). Likewise, Ortiz offers nothing to substantiate his claim regarding DOC policy. *See Serna*, 455 F.3d at 1151 ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings." (internal quotation marks omitted)).

Because Ortiz failed to offer any evidence to create a genuine dispute of material fact on this claim, the district court properly granted Hoffman's motion for summary judgment.

## B. Dowis

Ortiz claims that Dowis, the Director of Medical Staff and Health Service Administrator at SCF, delayed access to the medical care he needed, which resulted in permanent injuries to his leg and foot. But the district court ruled that Ortiz had failed to provide evidence of any specific instances in which Dowis denied him care.

It is not enough that a member of Dowis's staff may have delayed care. A defendant must be personally involved in the constitutional violation to be liable under § 1983. *See Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). To establish a § 1983 claim against a supervisor, the plaintiff must show (1) a constitutional violation by the supervisor's subordinates, and (2) "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna*, 455 F.3d at 1151 (internal quotation marks omitted). We agree with the district court that Ortiz failed to establish such a link.

## C. Costs

Ortiz also challenges the district court's cost award under Fed. R. Civ. P. 54(d)(1). But Hoffman and Dowis apparently did not file a bill of costs, so any error was harmless. And the court's order, which followed the general rule of ordering costs in favor of the prevailing party, does not suggest any bias by the court.

6

## V. Conclusion

We affirm the district court's order granting summary judgment in favor of Hoffman and Dowis. We grant Ortiz's motion to proceed on appeal without prepayment of costs or fees. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Although we have disposed of this matter on the merits, Ortiz remains obligated to pay all filing and docketing fees. He is directed to pay the fees in full to the clerk of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge