FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN K. HARRISON,

     Petitioner - Appellant,

v.

WILLIAM P. BARR, United States
Attorney General;* KEVIN K.
McALEENAN, Acting Secretary of
Department of Homeland Security;**
LANSING W. TYLER, U.S. ICE Field
Officer Director for the Colorado Field
Office;*** WARDEN OF IMMIGRATION
DETENTION FACILITY,

     Respondents - Appellees.

No. 18-1314
(D.C. No. 1:18-CV-01180-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT****
_____

* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, William P. Barr is substituted for Jefferson B. Sessions, III, as the respondent in this action.

** In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kevin K. McAleenan is substituted for Kirstjen Nielsen, as the respondent in this action.

*** In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Lansing W. Tyler is substituted for Jeffrey D. Lynch, as the respondent in this action.

**** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.

_____

Kevin Harrison is in the custody of U.S. Immigration and Customs Enforcement (ICE). Appearing pro se, he appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

Mr. Harrison filed the § 2241 habeas petition to challenge his immigration detention. After multiple orders to cure pleading and form deficiencies, and, in particular, to identify the specific constitutional right allegedly violated, Mr. Harrison filed an amended § 2241 petition on July 13, 2018. It explained that ICE first detained him in December 2014. He bonded out in March 2015, but after pleading no contest to disorderly conduct in Las Vegas in April 2017, his bond was revoked, and he was detained again. The district court construed Mr. Harrison's amended § 2241 petition as attempting to allege a double jeopardy violation based on his detention in 2017 for the same offense as his original detention in 2014. The district court denied the amended petition.

---

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Harrison is in immigration custody, he does not need a certificate of appealability to appeal the district court's denial of his § 2241 petition. *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291-92 (10th Cir. 2001).

Mr. Harrison filed a notice of appeal to this court and a motion to reconsider with the district court. This appeal was abated pending the district court's ruling on the motion to reconsider. In his motion, Mr. Harrison referenced cases involving due process challenges to prolonged immigration detention. He did not address the district court's double jeopardy ruling. The district court denied reconsideration. It noted that Mr. Harrison may be able to pursue a habeas claim raising a due process challenge to his detention under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), but he had not provided adequate factual allegations to support such a claim in this case. Upon notification that the district court had denied reconsideration, the abatement of this appeal was lifted.

We have carefully reviewed Mr. Harrison's opening brief and liberally construed his arguments. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). Mr. Harrison has not addressed the district court's construction of his amended § 2241 petition as asserting a double jeopardy violation or the district court's denial of his habeas petition. An appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Mr. Harrison's failure to explain why the district court's decision was wrong waives any argument for reversal. *See Jordan v. Bowen*, 808 F.2d 733, 736 (10th Cir. 1987) (noting that issues not raised in the opening brief are waived).[2]

---

[2] Mr. Harrison did not file a new or amended notice of appeal to bring the district court's denial of his motion to reconsider within the scope of this appeal.

We affirm the judgment of the district court and, because Mr. Harrison has not raised any arguments challenging the order on appeal, we deny his motion for leave to proceed *in forma pauperis*. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (noting that appellant seeking leave to proceed *ifp* must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

Fed. R. App. P. 4(a)(4)(B)(ii) (providing that a party intending to challenge the disposition of a motion to reconsider, "must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by [Rule 4(a)]"). Nor does he mention his motion to reconsider or the district court's order denying reconsideration in his opening brief such that it could be considered the functional equivalent of a notice of appeal. *See Kimzey v. Flamingo Seismic Sols. Inc.*, 696 F.3d 1045, 1050 (10th Cir. 2012) (treating opening brief as functional equivalent of notice of appeal because it, *inter alia*, referred to the order challenged on appeal). Accordingly, we do not review the district court's denial of Mr. Harrison's motion to reconsider.