FILED
United States Court of Appeals
Tenth Circuit

December 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES C. STRADER,

      Petitioner - Appellant,

v.

STATE OF KANSAS,

      Respondent - Appellee.

No. 19-3241
(D.C. No. 5:19-CV-03137-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **CARSON**, **BALDOCK,** and **MURPHY**, Circuit Judges.

This matter is before the court on James Strader's pro se request for a
certificate of appealability ("COA"). He seeks a COA so he can appeal the
district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas
petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from
the dismissal of a § 2254 petition unless the petitioner first obtains a COA);
*id.* § 2244(d)(1) (setting out a one-year limitations period running from the date
on which the state conviction became final). Because Strader has not "made a
substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this
court **denies** his request for a COA and **dismisses** this appeal.

Strader was found guilty in Kansas state court of aggravated kidnapping, rape, and aggravated burglary. *State v. Strader*, No. 95,507, 2007 WL 2992402, at *1 (Kan. Ct. App. 2007). The Kansas Court of Appeals affirmed Strader's convictions in 2007 and the Kansas Supreme Court denied review on April 23, 2008. *Id.* Strader filed the instant § 2254 petition more than eleven years later, on July 25, 2019. The district court issued to Strader an order to show cause why the habeas petition should not be dismissed as time barred. In response, Strader filed a veritable avalanche of pleadings, some of which, liberally construed, asserted the district court should overlook the limitations period because Strader was actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that actual innocence, if proven, can overcome § 2244(d)'s limitations period). The district court rejected Strader's assertion of actual innocence because it entailed nothing more than bare assertions unsupported by the kinds of evidence mandated by *Schlup v. Delo*, 513 U.S. 298, 324 (1995). When, following the dismissal, Strader continued to file motions only tangentially related to his habeas petition, the district court imposed upon Strader filing restrictions designed to foreclose the filing of "repetitive, irrelevant, and lengthy

motions."[1]  Finally, the district court denied Strader's Fed. R. Civ. P. 59(e)

motion for reconsideration.[2]

The obtaining of a COA is a jurisdictional prerequisite to Strader's appeal

from the dismissal of his § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322,

336 (2003).  To be entitled to a COA, he must make "a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  That is, he must

demonstrate "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further."

*Miller-El*, 537 U.S. at 336 (quotations omitted).  When a district court dismisses a

§ 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he

shows both that reasonable jurists would find it debatable whether he had stated a

valid constitutional claim and debatable whether the district court's procedural

ruling was correct.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  In

evaluating whether Strader has satisfied his burden, we undertake "a preliminary,

---

[1]Notably, these carefully tailored filing restrictions allowed Strader to file the following: (1) an objection to the district court's filing restrictions; (2) a post-judgment motion under Fed. R. Civ. P. 59(e) or 60(b); and (3) a notice of appeal, and, if necessary, a motion for leave to proceed on appeal in forma pauperis.

[2]Because Strader filed his combined request for a COA and appellate brief within thirty days of the district court's denial of his Fed. R. Civ. P. 59(e) motion, this court has jurisdiction to review all of the relevant district court rulings.  *See Kimzey v. Flamingo Seismic Solutions, Inc.*, 696 F.3d 1045, 1049-50 (10th Cir. 2012) (construing opening brief as amended notice of appeal).

though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Strader need not demonstrate his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay, we review for abuse of discretion the district court's decision that Strader is not entitled to have the § 2244(d) limitations period equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Strader's appellate filings, the district court's various orders, and the entire record before this court pursuant to the framework set out in *Miller-El* and *Slack*, we conclude Strader is not entitled to a COA. The district court's resolution of Strader's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, there is no need for this court to repeat the cogent and convincing analysis set out in the district court's well-stated orders. Instead, it is enough to note Strader has not come close to demonstrating the types of extraordinary circumstances entitling him to equitable tolling, *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015), and has completely failed to make out a colorable showing of actual innocence, *Schlup*, 513 U.S. at 324. Furthermore, given Strader's history in this case of filing numerous repetitive and irrelevant documents, the district court did not err in any way in imposing upon Strader

-4-

carefully and narrowly tailored filing restrictions.  Accordingly, this court

**DENIES** Strader's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge